(6 Misc. Rep. 60.)

### MAPELSDEN v. SHEA et al.

(City Court of New York, General Term. November 27, 1893.)

MONEY PAID OUT—WHO LIABLE.

Defendants applied to a bank for a loan on premises owned by defendant A., and at that time subject to a mortgage securing a bond given by defendant T. At the time of closing the transaction with the bank, the mortgagee demanded a certain sum for interest claimed to be due, which was paid by plaintiff, the attorney for the bank. *Held,* that such payment was for the sole benefit of defendant A., and the complaint in an action to recover the same should have been dismissed as to defendant T.

Appeal from trial term.

Action by Reuben Mapelsden against Thomas J. Shea and Annie A. Shea to recover money alleged to have been advanced by plaintiff for the benefit of defendants. There was a judgment in favor of plaintiff, and defendant Thomas J. Shea appeals. Reversed.

Argued before VAN WYCK and NEWBURGER, JJ.

William King Hall, for appellant.

Reuben Mapelsden, in pro. per.

NEWBURGER, J.    In May, 1889, the defendants applied to the Harlem Savings Bank for a loan of $5,000 upon certain property at the time owned by the defendant Annie A. Shea, which was to be a first mortgage upon the premises. At the time there was a bond and mortgage held thereon by one Bertine, of $1,100, made by defendant Thomas J. Shea. The plaintiff was the attorney and counsel for the bank. At the time of closing the title, the attorneys for the mortgagee (Bertine) demanded an additional $90 for interest claimed to be due. The plaintiff thereupon advanced and paid said amount to Bertine's attorney. He brings this action to recover such advances, claiming the same were paid for the use of the defendants. The answer, after alleging that the property incumbered belongs to the defendant Annie A. Shea, is a general denial. On the trial, after the plaintiff's case had been closed, a motion was made by defendant to dismiss the complaint against the defendant Thomas J. Shea, which motion was denied, and exception taken.

The trial justice erred. There was no evidence offered that showed any liability on the part of this defendant. The property belonged to the defendant Annie Shea, and whatever benefits accrued from the advances made by plaintiff accrued to her and her property. Thomas J. Shea had no interest in the property, as principal or otherwise, and the mere fact that he executed the bond which accompanied the Bertine mortgage created no liability on his part for any advances made by plaintiff. There is no evidence in the case which shows that he authorized or empowered the plaintiff to pay the additional interest. The motion to dismiss as to defendant Thomas J. Shea should have, therefore, been granted. As to the defendant Annie Shea, the evidence clearly shows that the moneys sought to be recovered in this action were advanced for the benefit of real estate belonging to her. The record shows no error in the trial of the case, as against her. The judgment as to the defendant Thomas J. Shea is reversed, and a new trial ordered, with costs to abide the event. As to defendant Annie Shea, judgment affirmed, with costs.